UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNETTE PEREZ and<br>CHRISTOPHER SOTO-PEREZ,<br>    Plaintiffs | ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. |
| v. | ) <br> ) | TRIAL BY JURY DEMANDED |
| CONNEX CREDIT UNION, INC.<br>    Defendant | ) <br> ) <br> ) <br> ) | NOVEMBER 16, 2022 |

## COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought by two consumers under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), against Connex Credit Union, Inc. due to its refusal to acknowledge that an account is disputed.

### II. PARTIES

2.  Plaintiff, Annette Perez ("Perez"), is a natural person residing in Waterbury, Connecticut.

3.  Plaintiff, Christopher Soto-Perez ("Soto-Perez", collectively "Plaintiffs"), formerly known as Christy Soto-Perez, is a natural person residing in Oakville, Connecticut, and he is Annette Perez's son.

4.  Defendant Connex Credit Union, Inc. ("Connex") is a Connecticut corporation with a principal office in North Haven, Connecticut, and it is engaged in

the business of accepting assignment of retail installment contracts from car dealerships.

### III. JURISDICTION

5. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

6. This court has jurisdiction over Connex because it is organized under the laws of the state of Connecticut and the subject transaction occurred in this state.

7. Venue in this court is proper because the claims involve a transaction that occurred in Connecticut and the parties are located in this state.

### IV. FACTUAL ALLEGATIONS

8. On or about September 9, 2019, Plaintiffs purchased a 2016 Lexus IS from Prestige Auto Cars, LLC ("Prestige") pursuant to a retail installment contract.

9. Unbeknownst to Plaintiffs, Prestige subsequently forged Plaintiffs' signatures to a different retail installment contract (the "Forged Contract") and assigned the Forged Contract to Connex.

10. On or about March 3, 2022, Plaintiffs, through counsel, sent a letter to Prestige (the "March 3 Letter"), advising Prestige that Plaintiffs elected to rescind the purchase due to Prestige's forgery of Plaintiff's signature on the Forged Contract and demanding, inter alia, that Prestige retake possession of the Vehicle and pay the balance claimed by Connex. Prestige did not respond to the March 3 Letter.

11. On or about March 17, 2022, Plaintiffs returned the Vehicle to Prestige, and on or about March 18, 2022, Plaintiffs, through their attorney, sent a letter to

Prestige and Connex (the "March 18 Letter") enclosing a copy of the March 3 Letter and advising that they elected to revoke their acceptance of the Vehicle or, alternatively, rescind the transaction in connection with the Forged Contract, and advising Connex that they disputed any further indebtedness under the account related to the Contract (the "Account").

12. The March 18 Letter explicitly informed Connex that Plaintiffs disputed any further indebtedness on the Forged Contract and that it was required under the FCRA to acknowledge the disputed status should it continue to report the account. Specifically, the March 18 Letter provided:

> Connex Credit Union, Inc. is advised that Claimants dispute any further indebtedness under the account. The federal Fair Credit Reporting Act requires that Connex Credit Union include an acknowledgment of the disputed nature of this account should it make any reports regarding the account. Failure to do so may result in further liability under that Act.

13. Despite this admonition, Connex reported derogatory information regarding the Forged Contract to two of the three major consumer reporting agencies, Experian, and TransUnion (the "CRAs") without including any indication that the reported information was disputed.

14. Specifically, Connex reported that the Plaintiffs failed to make payments that were due in March 2022 and every month thereafter.

15. The derogatory reporting by Connex was the only negative item on Soto-Perez's reports.

16. The derogatory reporting by Connex was one of the more serious negative items on Perez's reports.

17. On or about July 12, 2022, Plaintiffs sent letters to the CRAs providing them with information regarding the disputed nature of the debt, including the March 3 Letter and the March 18 Letter, and requesting that they investigate the reporting.

18. The CRAs made an inquiry of Connex and asked it to investigate its records and to either verify or update its reporting.

19. Despite its receipt of notice that Plaintiffs disputed any indebtedness, Connex improperly verified to the CRAs that its reporting was accurate without including any acknowledgement of the disputed status of the reported information.

20. As a consequence of Connex's false response, the CRAs continued to report the claimed debt negatively without any reference to the dispute, negatively impacting Plaintiffs' credit score.

21. In or about August, 2022, Perez attempted to obtain credit from Synchrony Bank for a Verizon credit card, but was rejected, in whole or in part, due to the negative reporting of the account by Connex to TransUnion.

22. In or about August, 2022, Perez attempted to co-sign for a Smart Option Student Loan with Sallie Mae, but was rejected, in whole or in part, due to the negative reporting of the account to TransUnion.

23. In or about August, 2022, Perez attempted to obtain a mortgage from Rocket Mortgage, LLC, but was rejected, in whole or in part, due to the negative reporting of the account to TransUnion.

24. In or about September, 2022, Soto-Perez attempted to obtain credit from Wells Fargo Bank, N.A., but was rejected, in whole or in part, due to the negative reporting of the account to Experian.

25. In or about October, 2022, Soto-Perez attempted to obtain a mortgage from Rocket Mortgage, LLC, but was rejected, in whole or in part, due to the negative reporting of the account to Experian.

26. On or about September 14, 2022, Perez obtained a copy of her Experian credit report which continues to report the Connex account as delinquent with no record of Perez's dispute, and reporting the account 180 days delinquent.

27. On or about September 14, 2022, Perez obtained a copy of her TransUnion credit report which continues to report the Connex account as delinquent with no record of Perez's dispute, and reporting the account five months delinquent.

28. On or about September 15, 2022, Soto-Perez obtained a copy of his Experian credit report which continues to report the Connex account as delinquent with no record of Soto-Perez's dispute, and reporting the account 180 days delinquent.

29. On or about September 15, 2022, Soto-Perez obtained a copy of his TransUnion credit report which continues to report the Connex account as delinquent with no record of Soto-Perez's dispute, and reporting the account 120-149 days delinquent.

## V. CAUSES OF ACTION

### A. FAIR CREDIT REPORTING ACT (Perez v. Connex)

30. Connex is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

31. 15 U.S.C. § 1681s-2(a)(1)(A) prohibited Connex from reporting information that it had reasonable cause to know was inaccurate to CRAs.

32. Connex violated 15 U.S.C. § 1681s-2(a)(1)(A).

33. 15 U.S.C. § 1681s-2(a)(1)(B) prohibited Connex from furnishing information to the CRAs after being notified by Perez that information on her reports was inaccurate when it was in fact inaccurate.

34. Connex violated 15 U.S.C. § 1681s-2(a)(1)(B).

35. 15 U.S.C. § 1681s-2(a)(2) creates a duty for Connex to correct and update information that it has furnished to CRAs when it has learned that information reported was inaccurate or incomplete.

36. Connex failed or refused to correct and update the information it was furnishing to the CRAs.

37. Connex violated 15 U.S.C. § 1681s-2(a)(2).

38. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that the information on Perez's consumer reports was disputed as inaccurate, Connex had a duty to conduct investigations with respect to the disputed information and review all relevant information provided by the CRAs.

39. Connex violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists, by its negligence in failing to investigate the disputed information and either delete the reporting or update it to note its disputed status.

40. 15 U.S.C. § 1681s-2(a)(3) prohibited Connex from reporting information regarding the Forged Contract without including an indication that the information was disputed by Plaintiff Perez.

41. Connex violated 15 U.S.C. § 1681s-2(a)(3).

42. Connex is liable to Perez for her damages and a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o.

43. Connex's failure to investigate the disputed information and update the reporting to acknowledge its disputed status was willful, and it is also liable to Perez for punitive damages and statutory damages pursuant to 15 U.S.C. § 1681n.

**B.     FAIR CREDIT REPORTING ACT (Soto-Perez v. Connex)**

44. Connex is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

45. 15 U.S.C. § 1681s-2(a)(1)(A) prohibited Connex from reporting information that it had reasonable cause to know was inaccurate to CRAs.

46. Connex violated 15 U.S.C. § 1681s-2(a)(1)(A)

47. 15 U.S.C. § 1681s-2(a)(1)(B) prohibited Connex from furnishing information to the CRAs after being notified by Soto-Perez that information on his reports was inaccurate when it was in fact inaccurate.

7

48. Connex violated 15 U.S.C. § 1681s-2(a)(1)(B).

49. 15 U.S.C. § 1681s-2(a)(2) creates a duty for Connex to correct and update information that it has furnished to CRAs when it has learned that information reported was inaccurate or incomplete.

50. Connex failed or refused to correct and update the information it was furnishing to the CRAs.

51. Connex violated 15 U.S.C. § 1681s-2(a)(2).

52. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that the information on the Soto-Perez's consumer reports were disputed as inaccurate, Connex had a duty to conduct investigations with respect to the disputed information and review all relevant information provided by the CRAs.

53. Connex violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists, by its negligence in failing to investigate the disputed information and either delete the reporting or update it to note its disputed status.

54. 15 U.S.C. § 1681s-2(a)(3) prohibited Connex from reporting information regarding the Forged Contract without including an indication that the information was disputed by Soto-Perez.

55. Connex violated 15 U.S.C. § 1681s-2(a)(3).

56. Connex is liable to Soto-Perez for his damages and a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o.

57. Connex's failure to investigate the disputed information and update the reporting to acknowledge its disputed status was willful, and it is also liable to Soto-Perez for punitive damages and statutory damages pursuant to 15 U.S.C. § 1681n.

Wherefore, Plaintiffs claim actual damages, statutory damages, punitive damages, attorney's fees and costs, and any other relief deemed just and equitable by this court.

>PLAINTIFFS, ANNETTE PEREZ and
>CHRISTOPHER SOTO-PEREZ
>
>
>By: */s/ Daniel S. Blinn*
>      Daniel S. Blinn (ct02188)
>      Consumer Law Group, LLC
>      35 Cold Spring Rd. Suite 512
>      Rocky Hill, CT  06067
>      Tel. (860) 571-0408
>      Fax. (860) 571-7457
>      dblinn@consumerlawgroup.com